IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENYATTA LATCHISON,

    Petitioner,                            No. CIV S-07-0370 FCD GGH P

    vs.

UNKNOWN,

    Respondent.[1]                      ORDER

_____/

        Petitioner, a state prisoner at High Desert State Prison, has filed a document styled "request," asserting that he has a current petition pending before the state supreme court and seeking to have his time limit extended to file a petition for writ of habeas corpus in this court. No other pleadings have been filed by the petitioner. In order to commence an action, petitioner must file a petition for writ of habeas corpus as required by Rule 3 of the Federal Rules of Civil Procedure, and petitioner must either pay the required filing fee or file an application requesting

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). In the instant action, petitioner has named the People of the State of California as respondents. Petitioner is cautioned that he should name the proper respondent should he proceed to file a petition.

leave to proceed in forma pauperis.  See 28 U.S.C. §§ 1914(a), 1915(a).

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).   Generally, the one-year statute of limitations under AEDPA is tolled for the period in which a petitioner is appropriately pursuing and exhausting his state court remedies.  Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999).

Petitioner, in identifying claims challenging his sentence/conviction that are pending before the state courts, does not inform the court whether or not he has any claims that have been exhausted in state courts either on direct review or in a prior state habeas petition.  Should he have any exhausted claims, he may file a federal petition and seek a stay as to his unexhausted claims.  Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807 (2005) (prisoner may file "protective" petition in federal court seeking stay and abeyance until state court remedies are exhausted).  If he files a mixed petition and seeks a stay, he must show good cause for not having exhausted any claims before proceeding to this court.  Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005).

The court cannot issue any orders granting or denying relief until an action has been properly commenced.  Petitioner will be provided the opportunity to file his petition, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's February 23, 2007, request for a time extension for filing a federal habeas petition is denied;

2. Petitioner is granted thirty days from the date of service of this order to file a petition that complies with the requirements of Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket

1  number assigned this case.  Petitioner shall also submit, within thirty days from the date of this
2  order, the application to proceed in forma pauperis on the form provided by the Clerk of Court,
3  or the filing fee in the amount of $5.00.  Petitioner's failure to comply with this order will result
4  in a recommendation that this matter be dismissed; and

5              3.  The Clerk of the Court is directed to send petitioner the court's form for filing
6  a petition for writ of habeas corpus, and the application to proceed in forma pauperis by a
7  prisoner.

8  DATED: 3/14/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
latc0370.nopetition