1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENYATTA LATCHISON,

11          Petitioner,                    No. CIV S-07-0370 FCD GGH P

12       vs.

13   T. FELKER, Warden, et al.,

14          Respondents.           FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner, a state prisoner proceeding with appointed counsel, filed a petition for

17   a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has filed a motion to stay and

18   abey these proceedings pending exhaustion of an unexhausted claim.  Petitioner's counsel states

19   that review of an extensive file has revealed that, in addition to a claim of prosecutorial

20   misconduct which has been exhausted, petitioner has an unexhausted claim of ineffective

21   assistance of counsel based on trial counsel's failure to object to a second specific instance of

22   prosecutorial misconduct which resulted in the court of appeal noting that on direct appeal any

23   such argument had been thereby waived.  Motion, p. 3.

24          Petitioner represents that respondent's counsel does not oppose petitioner's

25   request for a stay.  Id., at 4.  Petitioner contends that he had initially thought that the issue could

26   be addressed without this motion and that under the circumstances petitioner is entitled to a stay

1

1    pending exhaustion of his additional claim.   Id. & n. 1.

2              In Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), the United States

3    Supreme Court found that a stay and abeyance of a mixed federal petition should be available

4    only in the limited circumstance that good cause is shown for a failure to have first exhausted the

5    claims in state court, that the claim or claims at issue potentially have merit and that there has

6    been no indication that petitioner has been intentionally dilatory in pursuing the litigation.

7    Rhines, supra, at 277-78, 125 S. Ct. at 1535.

8              Petitioner's counsel does not make clear why the state court of appeals' decision

9    - - wherein a waiver arising from trial counsel's failure to object to a second instance of

10   prosecutorial misconduct was evidently specifically referenced, upon which the unexhausted

11   ineffective assistance claim at issue herein is predicated - - did not constitute adequate notice for

12   a diligent petitioner to have previously brought this claim before the state supreme court.

13   Nevertheless, this court will recommend a stay based on petitioner's counsel's contention that

14   determining the need for the additional claim somehow resulted only after a review of an

15   extensive record by counsel and because respondent apparently has no objection to the granting

16   of a stay.

17             Petitioner asserts that a draft copy of the state court petition is attached to his

18   motion; however, no draft petition is included with the motion filed in the court's electronic

19   docket.   The undersigned observes that the Rhines Court stated that "district courts should place

20   reasonable time limits on a petitioner's trip to state court and back."   Rhines, supra, at 278, 125

21   S. Ct. at 1535.   The court is not aware whether or not a state supreme court petition has, in fact,

22   yet been filed in the state supreme court.   Therefore, the court will, in addition to recommending

23   a stay, also recommend reasonable time limits be set for the state court exhaustion process.

24             Accordingly, IT IS RECOMMENDED that:

25             1.   Petitioner's unopposed request for a stay of this habeas petition, filed on

26   November 30, 2007, be granted and this case be administratively closed;

1        2. Petitioner be directed to file a state supreme court petition for the purpose of

2  exhausting the unexhausted claim, if one has not already been filed, within thirty days of

3  adoption of these findings and recommendations, should that occur;

4        3. Petitioner be directed to inform this court within thirty days of the filing of the

5  state supreme court decision as to the claim at issue, so that any stay that may be imposed in this

6  matter may be lifted and this case proceed.

7        These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

9  days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

12  shall be served and filed within ten days after service of the objections.  The parties are advised

13  that failure to file objections within the specified time may waive the right to appeal the District

14  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15  DATED: 12/13/07

                    /s/ Gregory G. Hollows

16

                    GREGORY G. HOLLOWS

17                      UNITED STATES MAGISTRATE JUDGE

18  GGH:009
   latc0370.fr

19

20

21

22

23

24

25

26